JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.

JESSE ALLEN DAUENHAUER,

    Defendant.

1:16-CR-02065-RMP-1

GOVERNMENT'S TRIAL MEMORANDUM

The Plaintiff, United States of America, by and through JOSEPH H. HARRINGTON, Acting United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney for the Eastern District of Washington, hereby submits this brief in advance of trial.

I. STATUS OF THE CASE

Trial is currently set before United States District Court Judge Rosanna Malouf Peterson, at 1:00 p.m. on Monday, June 5, 2017 in Yakima, Washington.

A. Estimated time for the government's case is chief is 1 day. At this point, the government expects to call approximately 6 witnesses.

B. The Defendant is currently in custody.

Government's Trial Memorandum

1

C. The Superseding Indictment (ECF No. 28) charges as follows:

Count 1

On or about August 13, 2016, in the Eastern District of Washington, the defendant, JESSE ALLEN DAUENHAUER, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearms and ammunition, to wit, (1) H&R Model 686, .22 LR caliber revolver, bearing serial number AX094806; (2) Beretta, model 92A1, 9 millimeter semi-automatic pistol bearing serial number K57898Z; (3) Mossberg, model 835 "ULTI-MAG" 12-gauge shotgun bearing serial number UM708662; (4) DPMS Panther Arms, Model A-15, .233 caliber rifle bearing serial number N0021207; (5) four rounds of Winchester, 9 millimeter ammunition with head stamp WIN 9mm LUGER; (6) twelve rounds of Winchester 9 millimeter ammunition with head stamp WCC 87; and (7) eight rounds of Poonsgan .223 ammunition with head stamp PMC REM, which firearms and ammunition had theretofore been transported in interstate and foreign commerce, in violation of 18 U.S.C. § 922(g)(1), §924(a)(2).

D. Pertinent Statute:

Title 18 United States Code, Section 922(g)(1), provides in pertinent part:

It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess in or

Government's Trial Memorandum

2

affecting commerce, any firearm which has been shipped or transported in interstate or foreign commerce.

## II. ELEMENTS

### A. **Felon in Possession of Firearm**

In order for the Defendant to be found guilty of being a felon in possession of a firearm and ammunition, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm and ammunition;

Second, the firearm and ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

### B. **Stipulations**

The parties have filed a signed stipulation regarding the following: (1) the Defendant's status as a convicted felon; and (2) the firearms/ammunition listed in the Superseding Indictment had been shipped from one state to another. *See* ECF No. 115.

## III. SUMMARY OF EVIDENCE

On February 15, 1995, the Defendant was convicted of second degree murder and first degree assault, in Yakima County Superior Court, cause number 94-1-01205-9. Upon his release from prison in 2012, the Defendant was supervised by the Department of Corrections until June 4, 2014.[1]

On August 13, 2016, a wedding was scheduled to take place at 6:00 p.m. The wedding party consisted of numerous spectators/participants. Approximately five minutes before the start of the wedding ceremony, the Defendant crashed into a guard rail/fence near the intersection of Cowiche Canyon Road and Powerhouse Road. The wedding party was located approximately 20-25 yards from the crash site. Several members of a wedding party walked towards the crash scene. A member of the wedding party, identified as D.B., arrived at the crash scene. D.B. observed the Defendant as he attempted to back-up and drive away. However, the Defendant's vehicle was stuck on several boulders near the fence. The Defendant was observed moving objects around the interior of the vehicle. The Defendant was able to slide out of the vehicle. By this time, several members of the wedding party walked to the scene of the accident. The Defendant was advised that the police had been called and

---

[1] The United States and the Defendant have entered into a stipulation. Therefore, the United States does not intend to offer certified copies of the conviction documents and/or testimony from his former supervising probation officer.

Government's Trial Memorandum

4

that he needed to stay in the car until police arrived. It is believed that at least one member of the wedding party was armed with a firearm.

D.B. looked into the vehicle and observed a gun on the floorboard near the gas pedal. D.B. grabbed the gun and placed it on the trunk of the vehicle.

Officer B. Graves ("Officer Graves") and Officer J. Miller of the Yakima Police Department ("YPD") arrived at the scene of the accident. Officer Graves was advised that the Defendant was trying to leave the scene and that a firearm was present. Officer Graves ordered the Defendant to exit the car and raise his hands. The Defendant complied with the order. Officer Graves spoke with the witnesses who observed the accident. Officer Miller contacted dispatch and learned that the Defendant was a convicted felon. The Defendant was placed in the rear of a police vehicle.

Officer Graves spoke with witnesses and officers at the scene of the crash. Afterwards, Officer Graves then approached the police vehicle and opened the door. Officer Graves advised the Defendant that he was being arrested for being a felon in possession of a firearm. The Defendant spontaneously stated, "it ain't mine" and "it ain't mine."

Officer Graves advised the Defendant of his *Miranda* warnings. The Defendant waived his rights and agreed to speak with the officer. The Defendant and Officer Graves had a conversation about the accident and alcohol consumption. Officer

Government's Trial Memorandum

5

Graves asked the Defendant about the gun. The Defendant denied possessing a firearm. The Defendant was placed under arrest.

Officer Graves subsequently obtained a search warrant for the vehicle. Officer Graves opened a small zippered bag which contained men's cologne, men's deodorant, and a 9 millimeter Beretta firearm magazine. Officer Graves obtained a supplemental search warrant for the vehicle. During the execution of the warrant, law enforcement officers discovered several firearms (including an AR-15 style rifle) and multiple rounds of ammunition.

On October 3, 2016, Task Force Officer M. Keller ("TFO Keller") took possession of the firearms and ammunition. TFO Keller conducted a trace of the firearms found in the vehicle. TFO Keller learned that the Beretta pistol had been purchased by Brianna Dauenhauer ("Brianna") on February 10, 2013. TFO Keller was aware Brianna is the Defendant's wife. The firearm was purchased at a Cabela's store located in Union Gap, Washington. TFO Keller learned that the AR-15 style rifle had been legally purchased by T.B. on October 4, 2012 at the same Cabela's store. TFO Keller subsequently learned that T.B. is Brianna's grandfather. On or about March 29, 2017, TFO Keller spoke with T.B.. T.B. advised that he had in fact purchased the AR-15 style rifle. TFO Keller asked T.B. about the transfer of the firearm. T.B. recalled that Brianna and the Defendant had come to his house. T.B.

Government's Trial Memorandum

6

advised that Brianna asked if she could purchase the firearm. T.B. sold the firearm to Brianna for $1400.00. T.B. advised, "I knew who was buying it for who."

After the interview, TFO Keller left the residence. Shortly thereafter, TFO Keller received a phone call from T.B. T.B. asked TFO Keller if he wanted the receipts. TFO Keller advised that he would like to have the receipts. On March 30, 2017, TFO Keller traveled back to the residence and took possession of the receipts. TFO Keller took possession of a Cabela's receipt which documented that on October 4, 2012, T.B. purchased the rifle from Cabela's. TFO Keller also took possession of a hand receipt. The hand receipt documented that T.B. sold the rifle to Brianna on January 28, 2013.

On October 14, 2016, TFO Keller traveled to Cabela's and obtained the applicable ATF Form 4473 for each purchase. TFO Keller reviewed the ATF Form 4473 concerning the Beretta pistol. TFO Keller observed that Harold Groves ("Groves") had been the Cabela's sales person who sold the gun. On May 11, 2017, TFO Keller met with Groves and provided him with a copy of the ATF Form 4473. Groves recognized his signature on the form. Groves then explained the process for purchasing a firearm at Cabela's.

On May 11, 2017, TFO Keller traveled to Cabela's to meet with the firearm manager. TFO Keller met with Manager Charles West ("West.") West was provided with a copy of ATF Form 4473 concerning the sale of the AR-15 style firearm which

Government's Trial Memorandum

7

had been purchased by T.B.. West recognized the form and confirmed that the firearm had been sold at the Union Gap Cabela's store. West advised that such forms are kept in the normal course of business.

On August 29, 2015, the firearms and ammunition were provided to Special Agent K. Radosevich ("S/A Radosevich") for an interstate nexus determination. S/A Radosevich inspected each firearm and round of ammunition. S/A Radosevich determined that all of the firearms and ammunition were manufactured outside of the State of Washington.

Respectfully submitted this 26th day of May, 2017.

        JOSEPH H. HARRINGTON
        Acting United States Attorney

        s/ Thomas J. Hanlon
        THOMAS J. HANLON
        Assistant U.S. Attorney

Government's Trial Memorandum

8

I hereby certify that on May 26, 2017, I electronically filed the foregoing with the clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Michael W. Lynch

<pre>
                                    s/ Thomas J. Hanlon
                                    Thomas J. Hanlon
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    402 E. Yakima Ave., Suite 210
                                    Yakima, WA 98901
                                    (509) 454-4425
</pre>

Government's Trial Memorandum