FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE ALLEN DAUENHAUER,<br><br>Defendant. | NO: 1:16-CR-2065-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

Pursuant to 28 U.S.C. § 2255, Defendant Jesse Allen Dauenhauer moves *pro se* to vacate his 51-month sentence for the conviction of being a felon in possession of a firearm and ammunition. ECF Nos. 189 (Motion to Vacate); 166 (Judgment). Having reviewed Defendant's Motion to Vacate, the Court issues the following order.

## BACKGROUND

Defendant Dauenhauer was involved in a one-car collision on August 13, 2016. *See* ECF No. 131 at 5 (Factual Basis and Statement of Facts in Plea

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

Agreement). Several bystanders observed the high-speed collision and approached the vehicle, where they saw that Dauenhauer was the sole occupant. *Id.*; *see also* ECF No. 185 at 3. A witness saw a firearm in the vehicle, removed it, and placed it on the trunk of the car. *Id.* A witness also called the Yakima Police Department, and the officer dispatched to the accident scene arrested Dauenhauer for driving under the influence. *Id.* The officer subsequently secured a search warrant for the vehicle. *Id.* Upon execution of the search warrant, and a following search warrant, law enforcement officers found a missing cylinder from the firearm that had been removed from the vehicle, as well as three other firearms and ammunition. *Id.*

An indictment charging Dauenhauer with being a felon in possession of a firearm was filed on September 13, 2016, followed by a Superseding Indictment adding forfeiture allegations on November 8, 2016. ECF Nos. 17 and 28.

The Court initially appointed counsel from the Federal Defenders of Eastern Washington and Idaho to represent Dauenhauer, but once the attorney-client relationship deteriorated, the Court appointed Criminal Justice Act counsel to appear as substitute defense counsel. ECF No. 45. While represented by CJA counsel, Dauenhauer filed a *pro se* motion to dismiss, arguing that: (1) he was denied effective assistance of counsel by the first counsel appointed to represent him; (2) he was arrested on an unlawful warrant that was never received or returned; (3) the federal magistrate judge who issued the warrant lacked authority

to do so; (4) the Court lacks venue because the Constitution requires a trial by judge; (5) his civil rights were violated, in violation of 42 U.S.C. § 1983, by the criminal prosecution; and (6) the prosecution infringes on his right to bear arms. *See* ECF Nos. 95 and 118.  The Government responded to Dauenhauer's motion. ECF No. 97.  The Court heard and denied Dauenhauer's motion to dismiss upon a finding that the authority relied on by the Government in opposing the motion to dismiss was determinative.  ECF Nos. 118 at 2.

In addition, Dauenhauer moved, through counsel, to suppress the evidence seized based on the search warrants executed against the vehicle and requested a *Franks*[1] hearing.  ECF No. 92.  After the suppression motion was fully briefed, and after hearing oral argument on the motion, the Court denied the suppression motion and the *Franks* hearing request.  ECF No. 128.  The Court concluded that the Yakima Police had probable cause to arrest Dauenhauer and supported the search warrant requests with facts and circumstances supporting that a search of the vehicle may produce the particular items sought, which were evidence of a federal crime.  *See id.* at 11.

Defense counsel also filed a motion in limine on behalf of Dauenhauer and a trial brief as the trial date approached.  ECF Nos. 96 and 123.

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

On the day that the trial was scheduled to being, June 5, 2017, Dauenhauer changed his plea to guilty, pursuant to a plea agreement. ECF Nos. 131 and 132. Dauenhauer pleaded to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.* The plea agreement preserved Dauenhauer's right to appeal the Court's orders denying his motion to dismiss and motion to suppress evidence. ECF No. 131 at 12. Dauenhauer "expressly waived his right to file any post-conviction motion under 28 U.S.C. § 2255, attacking his conviction or sentence, except an appeal based on ineffective assistance of counsel." *Id.* at 14.

Prior to sentencing, Dauenhauer's counsel objected to the sentencing enhancement, based on a crime of violence, that was included in the United States Probation Office's Presentence Investigation Report. ECF No. 143. Defense counsel also filed a sentencing memorandum and supporting exhibits. ECF Nos. 158, 160, and 162. At sentencing, the Court overruled Defendant's objection to the crime of violence enhancement to the base offense level; determined that the Defendant's base offense level was 22, his criminal history category was III, and his guideline range was 51 to 63 months; and imposed a term of incarceration of 51 months followed by a three-year term of supervised release. ECF Nos. 165, 166, and 168.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

1  Dauenhauer appealed his conviction and sentence to the United States Court
2  of Appeals for the Ninth Circuit. ECF No. 173. Dauenhauer was appointed new
3  counsel on appeal. ECF No. 172.
4  The Ninth Circuit heard Dauenhauer's appeal on the briefs and record and
5  affirmed this Court's denial of Dauenhauer's suppression motion and application
6  of the crime of violence sentencing enhancement. ECF Nos. 184, 185 and 186.
7  Dauenhauer petitioned for a writ of certiorari from the United States Supreme
8  Court, which was denied by letter dated April 15, 2019, and filed on April 22,
9  2019. ECF Nos. 187 and 188.

## LEGAL STANDARD

The text of 28 U.S.C. § 2255(a) reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The claimed error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)). Moreover, a section 2255 motion must allege specific facts which, if true, would

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

entitle an individual to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires a district court to dismiss a section 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." The Court also should hold an evidentiary hearing in a motion under section 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

### Statute of Limitations

Congress provided a 1-year statute of limitations for motions to vacate pursuant to 28 U.S.C. § 2255. Motions to vacate filed beyond the one-year limitation period generally are barred and must be dismissed. 28 U.S.C. § 2255(f). The time to file a motion to vacate under 28 U.S.C. § 2255, in relevant part begins to run on "the day on which the judgment of conviction becomes final." *Id.* A decision is final "when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition

for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 (1987). Defendant appealed from his conviction, and the United States Supreme Court's denial of certiorari was filed on April 22, 2019. ECF No. 188. Defendant filed the instant motion one year later, on April 22, 2020. ECF No. 189. Therefore, Defendant's motion is timely.

<u>Ineffective Assistance of Counsel</u>

Defendant claims in Ground Three that he received ineffective assistance of counsel "from the very beginning . . . ." ECF No. 189 at 7. Defendant asserts:

> My first attorney, Rick Hoffman did not even show up to my preliminary hearing or arraignment. My attorney Mike Lynch filed by Pro Se Motion to Dismiss. He informed me that I was right on my issues in regards to the second amendment never being amended or changed and that Article VI was the controlling factor in terms of what the judges shall be bound thereby. After that, Mike Lynch told me he would not fight the issues and I would have to write my own Voir dire as well as jury instructions. My issues were not presented by my attorney or adjudicated.
>
> My appeal attorney David Miller would not fight my constitutional issues outlined in my Notice of Appeal nor would the courts recognize my Pro Se Motion to Dismiss. David Miller also would not advocate the issues that Alison Guernsey presented to him on my behalf.

ECF No. 189 at 7 (internal citation omitted).

The well-established two-prong test for analyzing ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). Mere conclusory allegations, unsupported by specific facts, are insufficient to state a claim of ineffective assistance of counsel.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7

1  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  Furthermore, reviewing courts
2  must apply a "strong presumption" that "counsel's conduct falls within the wide
3  range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

4      In evaluating an ineffective assistance of counsel claim, the Court may
5  consider the performance and prejudice components of the *Strickland* test in either
6  order. *Strickland*, 466 U.S. at 697.  The Court need not consider one component if
7  there is an insufficient showing of the other. *Id*.

8      Even liberally construing Defendant's ineffective assistance of counsel
9  claim, Defendant is plainly not entitled to relief on his ineffective assistance of
10 counsel ground.  Defendant does not present any facts supporting that counsel
11 provided deficient performance under an objective standard of reasonableness.
12 With respect to Defendant's first counsel, he contends only that counsel was not
13 present at the arraignment.  The record reflects that Defendant was represented by
14 other Assistant Federal Defenders from the same office as his appointed counsel at
15 his initial appearance (Assistant Federal Defender Allison Guernsey) and
16 arraignment on his indictment (Assistant Federal Defender Jeremy Sporn).  ECF
17 Nos. 7 and 21.  At both proceedings, Defendant was advised of and acknowledged
18 his rights, and Defendant pleaded not guilty at his arraignment. *Id*.  Defendant
19 does not explain how he was prejudiced by these events, and the Court concludes
20 that any deficiency with respect to his first counsel related to the initial appearance
21

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 8

1  and arraignment was harmless. *See Agadaga v. United States*, No. 95-35935, 1997
2  U.S. App. LEXIS 30102, at *3 (9th Cir. Oct. 27, 1997) (holding that defendant was
3  not prejudiced by an unrepresented appearance at arraignment where defendant
4  pleaded not guilty and court set trial date) (citing *Wilfong v. Johnston*, 156 F.2d
5  507, 508−09 (9th Cir. 1946); *Black v. United States*, 348 F.2d 159, 160 (9th Cir.
6  1965)).

7  The remainder of Defendant's claim of ineffective assistance, with respect to
8  his second trial counsel and his appellate counsel, allege representation that was
9  contrary to Defendant's own understanding of the case and his preferences with
10 respect to strategy. However, these contentions fail on their face because
11 "appointed counsel, and not his client, is in charge of the choice of trial tactics and
12 the theory of defenses." *See Untied States v. Wadsworth*, 830 F.2d 1500, 1509 (9th
13 Cir. 1987). Moreover, even if Defendant did support his allegations of
14 professional error by defense counsel, there is no evidence that the outcome likely
15 would have been any different had his counsel presented the issues in the manner
16 Defendant wished. *See Harrington v. Richter*, 562 U.S. 86, 112 (2011). The Court
17 resolved Defendant's *pro se* motion to dismiss against him, after finding the
18 authority relied on by the Government in opposing the motion to dismiss to be
19 determinative. ECF Nos. 118 at 2. Defense counsel moved to suppress evidence
20 on behalf of Defendant and objected to application of the crime of violence
21

sentencing enhancement, and the Ninth Circuit found that this Court did not err in rejecting both forms of relief. *See* ECF No. 185. Defendant does not raise any likelihood of a different result in the instant Motion to Vacate.

Pre-Plea Claims

Defendant also alleges as grounds for relief under section 2255 the following deficiencies: unlawful arrest (Ground One); illegal vehicle impoundment and search and seizure (Ground Two); and evidence obtained as fruit of the poisonous tree (Ground Four) as grounds for relief. ECF No. 189 at 4−5.

The Court first notes that Defendant waived his right to seek relief under 28 U.S.C. § 2255 except based on alleged ineffective assistance of counsel. ECF No. 131 at 12. Additionally, after a defendant has entered a guilty plea, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id*.

The Supreme Court explained further that:

> . . . when a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized. . . . [T]he conclusion that a Fourth Amendment claim ordinarily may not be raised in a habeas proceeding following a plea of guilty . . . rests on the simple fact that the claim is irrelevant to the constitutional validity of his conviction.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 10

*Haring v. Prosise*, 462 U.S. 306, 321 (1983) (citations omitted).

Therefore, Defendant is plainly not entitled to relief based on his Grounds One, Two, and Four because of the effect of his guilty plea.

Moreover, even if Defendant had not pleaded guilty, his claims based on illegal search and seizure would fail.  Fourth Amendment claims are not cognizable in section 2255 proceedings.  *See Stone v. Powell*, 428 U.S. 465, 486−89, 495 (1976) (reaffirming that the exclusionary rule exists to deter Fourth Amendment violations by law enforcement personnel rather than to remedy a wrong against a defendant and as such is a "judicially created remedy rather than a personal constitutional right"); *Kimmelman v. Morrison*, 477 U.S. 365, 382−83 (1986) (declining to extend *Stone* prohibition to ineffective assistance of counsel claims based on alleged Fourth Amendment violations).

For all of the above reasons, the Court concludes that Defendant's Motion to Vacate shall be dismissed as conclusively and plainly without merit, without any requirement of an evidentiary hearing or response from the Government.  *See* 28 U.S.C. § 2255(b).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 189**, is **DENIED**.

2. Since Defendant's motion makes no substantial showing of a denial of a constitutional right, the Court does not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The District Court Clerk is directed to enter this Order and provide copies to *pro se* Defendant and counsel.

**DATED** November 2, 2020.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 12